UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 09-8 |
| SHECORY BELL | SECTION: R |

**ORDER & REASONS**

Before the Court is Shecory Bell's motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, the Court DENIES the motion.

**I.   BACKGROUND**

On January 8, 2009, Bell was indicted on two counts of knowingly and intentionally distributing 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A).[1] On August 26, 2009, Bell pleaded guilty to count 1 of the indictment.[2] The Court sentenced Bell to 151 months imprisonment, five years supervised release and ordered him to pay a special assessment of $100.[3]

---

[1] R. Doc. 1.

[2] R. Doc. 40-1.

[3] R. Doc. 40-3 at 22-24; R. Doc. 34.

Bell also entered a plea agreement with the Government under Federal Rule of Criminal Procedure 11.[4]  Under the plea agreement, the Government agreed (1) not to pursue a sentence enhancement under Title 21, United States Code, Section 851; (2) to move to dismiss count two of the indictment at the time of sentencing; (3) that Bell timely accepted responsibility for his offense under Section 3E1.1 of the Sentencing Guidelines and was therefore entitled to a three-point reduction in offense level; and (4) to inform the Court of any cooperation Bell rendered prior to sentencing.  In exchange, and in addition to his guilty plea, Bell waived his right to appeal his conviction or sentence, except that he reserved the right to bring a direct appeal of any sentence above the statutory maximum.  In addition, Bell waived his right to contest his conviction or sentence in any collateral proceeding, including under 28 U.S.C. § 2255, except if he established that ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

Bell, currently incarcerated at the United States Penitentiary in Pollack, Louisiana, now moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.[5]

---

[4]  R. Doc. 25.

[5]  R. Doc. 36.

**II.   LEGAL STANDARDS**

*A. 28 U.S.C. § 2255*

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Only a narrow set of claims are cognizable on a section 2255 motion.  The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  *Id.*  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979). (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review.  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."  *Rules Governing Section 2255 Proceedings,* Rule 4(b).  If the motion raises a non-frivolous

claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6-7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings*, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in

determining the outcome of the case.  *Id.* at 637-38; *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a section 2255 proceeding).  If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

   *B. Ineffective Assistance of Counsel*

   To establish a claim of constitutionally ineffective assistance of counsel, petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984).  Petitioner must meet both prongs of the *Strickland* test and, if the Court finds that petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong.  *See id.* at 697.

   As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).  A court

should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)). As to the second *Strickland* prong, a petitioner must show

> that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland*, 466 U.S. at 694.

**III. DISCUSSION**

In his section 2255 motion, Bell asserts four bases for relief. First, Bell argues that there is insufficient evidence to sustain his conviction because there is no evidence he distributed more than 50 grams of pure cocaine base. Second, Bell claims that his guilty plea lacked a factual basis because the indictment charges him with distributing 50 grams or more of cocaine base, but the lab report shows the substance contained less than 50 grams of pure drug. Third, Bell argues that there

is insufficient evidence to support his classification as a career offender under the United States Sentencing Guidelines. Fourth, Bell asserts a number of ineffective assistance of counsel claims based on his attorney's failure to investigate and object to the quantity of cocaine base he was charged with distributing and to his classification as a career offender under the Sentencing Guidelines.

### A. Waiver of Appeal Rights

A defendant may waive his statutory right to appeal as part of a plea agreement.  *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995).  A waiver of post-conviction relief such as under 28 U.S.C. § 2255 is valid if the waiver is informed and voluntary.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  The defendant must know that he had "a right to appeal his sentence and that he was giving up that right."  *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted).  It is the responsibility of the district court "to insure that the defendant fully understands his right to appeal and the consequences of waiving that right."  *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001) (quoting *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

Here, the evidence indicates that Bell's plea and waiver

were both knowing and voluntary.  Bell's signed plea agreement contains an express waiver of his right to appeal or seek relief under section 2255.[6]  In addition, during Bell's rearraignment the Court summarized the indictment, noted the maximum terms of imprisonment under the statute and specifically questioned Bell about his appeal waiver.[7]  The Court asked the lawyers to explain the terms of the plea agreement and Bell confirmed that he understood the terms of the plea agreement and had reviewed it with his lawyer.[8]  Bell stated that he understood he was waiving his right to appeal, except under the limited circumstances outlined in the plea agreement.[9]  Bell acknowledged that his attorney had advised him of his appeal rights and the effect of

---

[6] R. Doc. 25 at 2 ("Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742.  The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.  Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.").

[7] R. Doc. 40-1 at 4-5, 10-11.

[8] *Id.* at 8-11.

[9] *Id.* at 10-11.

waiving his appeal rights.[10]  The Court specifically confirmed that Bell understood the terms and conditions of the plea agreement and that he had not been induced or persuaded to plead guilty because of any promises or threats made by anyone.[11]  Bell's attorney stated he was satisfied that Bell was pleading guilty voluntarily, understandingly and with full knowledge of the consequences of his plea.[12]  Later, the Court again asked and Bell confirmed that he understood the consequences of pleading guilty and was pleading guilty knowingly and voluntarily.[13]  Bell's "[s]olemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  The Court finds that Bell fully understood the waiver of his right to appeal and the waiver of his right to file post-conviction motions when his plea was accepted.  Accordingly, Bell has waived his claims that there was insufficient evidence to sustain his conviction, that his guilty plea lacked a factual basis, and that there was insufficient evidence to support his classification as a career offender.

    The Court finds that Bell has also waived his ineffective assistance of counsel claim based on his attorney's failure to

---

[10]   *Id.* at 11

[11]   *Id.* at 8

[12]   *Id.* at 13.

[13]   *Id.* at 15.

investigate his prior offenses and object to his classification as a career offender at the sentencing hearing.  A defendant's waiver of appeal in a plea agreement "may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered *that waiver* unknowing or involuntary." *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) (emphasis in original).  But, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."  *Id.* at 343.  If the plea and waiver were knowing and voluntary and the issue challenged on appeal is properly subject to waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced."  *Id.* at 343-44.  Bell has presented no evidence or argument to suggest that his attorney's investigation of his prior offenses and failure to object to his status as a career offender affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea.  *See id.* (holding plea agreement waived petitioner's right to challenge his sentence under section 2255 and thus barred his claim of ineffective assistance at sentencing).  The Court finds that Bell's ineffective assistance of counsel claim regarding his attorney's performance at sentencing was subject to waiver and his waiver cannot be evaded.

*B. Ineffective Assistance of Counsel and Drug Quantity*

Bell asserts ineffective assistance of counsel affected the validity of his guilty plea because his lawyer did not advise him that he could not be properly convicted of distributing 50 grams or more of cocaine base as charged. Bell claims that had he been properly advised by his attorney, he would not have pleaded guilty and would have insisted on going to trial. Because Bell's claim of ineffective assistance of counsel in this instance challenges the validity of the guilty plea itself, the Court will address the merits of the claim.

Bell argues that he was denied effective assistance of counsel because his attorney failed to investigate and object to Bell being charged with distributing 50 grams of cocaine base when he distributed less than 50 grams of pure cocaine base. Bell's argument is without merit because "[p]unishment for drug-traffickers is based on the 'total quantity of what is *distributed*, rather than the amount of pure drug involved.'" *United States v. Cruz*, 62 F. App'x 557, 2003 WL 1202791, at *1 (5th Cir. 2003) (quoting *United States v. Palacios-Molina*, 7 F.3d 49, 53 (5th Cir. 1993)) (emphasis in original); *see also Chapman v. United States*, 500 U.S. 453, 459-61 (1991) (holding that when the offense is defined as distribution of a "mixture or substance containing a detectable amount" of LSD, the relevant inquiry is the weight of the mixture or substance, not the weight of the

pure drug); *United States v. Pigott*, 54 F. App'x 408, 2002 WL 31689266, at *1 (5th Cir. 2002) (rejecting defendant's argument that he was improperly charged with offenses involving 50 grams or more of cocaine base because "for purposes of cocaine base the relevant consideration is the total weight of the mixture or substance, not the weight of the pure drug alone"); *United States v. Cartwright*, 6 F.3d 294, 303-04 (5th Cir. 1993) (stating that the Supreme Court's decision in *Chapman* applied to cases involving cocaine base). Accordingly, Bell has failed to establish that counsel's performance was unreasonable or that he was prejudiced by his attorney not raising this argument.

Accordingly, the Court denies Bell's motion for post-conviction relief under section 2255.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Miller-El v.*

*Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

   Bell's motion does not satisfy these standards. Bell's plea agreement contained a waiver of his right to collaterally challenge his conviction or sentence except under limited circumstances. Claims not alleging that ineffective assistance of counsel affected the validity of Bell's waiver of appeal and collateral challenge rights or the validity of the guilty plea have been waived. Furthermore, Bell has failed to establish that he was denied effective assistance of counsel based on his attorney's failure to challenge the drug quantity he was charged with distributing. The Court finds that Bell's arguments do not

13

amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists.

## V. CONCLUSION

For the foregoing reasons, the Court denies petitioner's motion. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __29th__ day of July, 2011.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE