UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
|---|---|---|
| VERSUS | | CASE NO. 09-08 |
| Shecory Bell | * | USM NO. 30923-034 |

Date of Previous Judgment: 1/13/2010    Defendant's Attorney: N/A

## ORDER FOR SENTENCE REDUCTION
### PURSUANT TO SECTION 404 OF THE FIRST STEP ACT OF 2018

Upon motion of ☐ the defendant ☐ the Director of the Bureau of Prisons ☒ the Court for a reduction in the term of imprisonment imposed based on the modification of statutory penalties by sections 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the defendant's offense was committed: Having considered such motion, and taking into account Section 404 of the First Step Act of 2018, to the extent it is applicable, and the sentencing factors from Title 18 USC 3553(a),

**IT IS ORDERED** that the motion is:

☒ GRANTED and the defendant's previously imposed sentence of supervised release of __5 years__ is reduced to __4 years__.

☐ DEFERRED pending supplemental briefing and/or a hearing.

☐ DENIED after complete review of the motion on the merits.

**COURT DETERMINATIONS OF SENTENCING PURSUANT TO FIRST STEP ACT OF 2018**

| | |
|---|---|
| Prior Statutory Minimum: 120 Months | Amended Statutory Minimum: 60 Months |
| Prior Guideline Range: 262 to 327 Months | Amended Guideline Range: 188 to 235 Months |
| Prior Sentence: 151 Months | Amended Sentence: 151 Months |
| Prior Supervised Release: 5 Years | Amended Supervised Release: 4 Years |

Comments (if applicable):
See attached Order and Reasons.

Except as provided above, all provisions of the judgment dated __1/13/2010__ shall remain in effect. The reduced sentence shall be effective **10 days** following the date of this order indicated below.

**IT IS SO ORDERED.**

July 7, 2020                                  _Sarah Vance_
ORDER DATE                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                       CRIMINAL ACTION

VERSUS                                                      NO. 09-08

SHECORY BELL                                         SECTION "R" (5)


**ORDER AND REASONS**

Defendant Shecory Bell was charged with distributing fifty grams or more of cocaine base.[1] Bell pleaded guilty to the charge.[2] On January 13, 2011, Bell was sentenced to 151 months' imprisonment and five years' supervised release.[3] Bell served his sentence of imprisonment, and on March 16, 2020, he was released to begin his term of supervised release.[4]

Bell was sentenced before the Fair Sentencing Act was enacted into law. The Fair Sentencing Act increased the quantity of crack cocaine that triggered mandatory minimum penalties and eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. *See* Pub. L. No. 111–220, 124 Stat. 2372 (2010). As relevant here, were Bell

---

[1]   R. Doc. 1.
[2]   R. Doc. 22 (minute entry); R. Doc. 25 (plea agreement).
[3]   R. Doc. 33 (minute entry); R. Doc. 34 (judgment).
[4]   *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 6, 2020).

sentenced after the Fair Sentencing Act became law, he would have faced a mandatory sentence of four years' supervised release rather than five years' supervised release. This is because Bell was charged under 21 U.S.C. § 841(b)(1)(A), which has a mandatory minimum of five years of supervised release and previously required a defendant to possess with the intent to distribute only fifty grams of cocaine base, but now requires 280 grams. *See* 21 U.S.C. § 841(b)(1)(A); *see also* Pub. L. No. 111–220, 124 Stat. 2372 (2010). Today, Bell would be charged under 21 U.S.C. § 841(b)(1)(B), which sets out a mandatory minimum of four years' supervised release and requires that a defendant possess with intent to distribute only twenty-eight grams of cocaine base.

The First Step Act provides that a court may reduce a sentence it imposed in certain circumstances. Section 404 of the First Step Act states: "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018). The screening committee has reviewed defendant's case, and it recommends that Bell's supervised release

2

be reduced from the previous statutory minimum of five years' supervised release to the new statutory minimum of four years' supervised release.[5]

Because the Fair Sentencing Act reduced the mandatory minimum for Bell's supervised release, the Court finds than a one-year reduction in defendant's supervised release is appropriate. Therefore, in consideration of the advisory guidelines and the factors set forth in 18 U.S.C. § 3553(a), the Court imposes a sentence of four years' supervised release.

New Orleans, Louisiana, this __7th__ day of July, 2020.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5] *See generally* R. Doc. 60.

3